**VERSA CORPORATION,**
Plaintiff–Appellant,

v.

**AG–BAG INTERNATIONAL LIMITED,**
Defendant–Appellee.

No. 02–1416.

United States Court of Appeals,
Federal Circuit.

DECIDED: May 30, 2003.

---

Before LOURIE, SCHALL, and PROST, Circuit Judges.

_____

PROST, Circuit Judge.

Versa Corporation ("Versa") appeals the decision of the United States District Court for the District of Oregon granting Ag–Bag International Limited's ("Ag–Bag's") motion for summary judgment of noninfringement of claim 10 of United States Patent No. 5,799,472 ("the '472 patent"). While we disagree with the district court's claim construction, we nevertheless *affirm* the judgment of no infringement.

## I

This court reviews a grant of summary judgment *de novo,* drawing all reasonable factual inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 247–52. Claim construction is an issue of law that we review *de novo. Cybor Corp. v. FAS Techs., Inc.,* 138 F.3d 1448, 1456 (Fed.Cir.1998) (en banc). We also determine *de novo* whether the evidence in the record raises any genuine disputes about material facts. *Gen. Elec. Co. v. Nintendo Co.,* 179 F.3d 1350, 1353 (Fed.Cir.1999). Jurisdiction in this court is proper under 28 U.S.C. § 1295(a)(1).

## II

■ Claim 10, the only claim at issue, is for:

An agricultural feed bagging machine for bagging agricultural feed material into agricultural bags having a closed end and an open mouth comprising:

a wheeled frame having rearward and forward ends;

a tunnel on said wheeled frame having an intake end for receiving the material to be bagged and an output end adapted to receive the open mouth of the agricultural bag;

said tunnel having a top wall, opposite side walls and a floor;

material receiving means on said wheeled frame forwardly of said tunnel for receiving the material to be bagged;

means at the intake end of said tunnel for forcing the material to be bagged from said material receiving means into said tunnel and into said bag;

a bag pan means positioned beneath said tunnel for supporting the lower portion of a folded bag positioned on said tunnel;

said bag pan means having rearward and forward ends and opposite sides;

said bag pan means being selectively vertically movable between an upper bag supporting position and a lower bag loading position;

*and means operatively connected to said bag pan means for vertically moving said bag pan means between its said bag loading and bag supporting positions;*

*said means operatively connected to said bag pan means for vertically moving said bag pan means comprising a power cylinder means.*

The district court construed the emphasized language according to 35 U.S.C. § 112, ¶ 6 to require the function of "raising and lowering the bag pan such that it can conform either to level or uneven

ground." *Versa Corp. v. Ag–Bag Int'l Ltd.*, No. 00–1466–HA, slip op. at 6 (D.Or. Apr. 2, 2002). This recitation of the function for the "means operatively connected to said bag pan means" is erroneous because it includes a limitation not found in the claim language: that the bag pan conform either to level or uneven ground. Section 112, paragraph 6 "does not permit limitation of a means-plus-function claim by adopting a function different from that explicitly recited in the claim." *Micro Chem. Inc. v. Great Plains Chem. Co.*, 194 F.3d 1250, 1258 (Fed.Cir.1999). "In identifying the function of a means-plus-function claim, a claimed function may not be improperly narrowed or limited beyond the scope of the claim language." *Lockheed Martin Corp. v. Space Sys./Loral, Inc.*, 324 F.3d 1308, 1319 (Fed.Cir.2003). Thus, looking only at the language of the claim, we construe the function of the "means operatively connected to said bag pan means" to be vertically moving said bag pan means between its said bag loading and bag supporting positions.

Having identified the function of the relevant means, "we next construe the meaning of the words used to describe the claimed function, using ordinary principles of claim construction." *Id.* The parties urge no particular meaning of the words used to recite the claimed function; we therefore give these words their ordinary meaning.

"After identifying the function of the means-plus-function limitation and construing the meaning of the claim language, we look next to the written description to identify the structure corresponding to the function." *Id.* at 1320. The district court determined that two "cables are part of the structure for raising and lowering the bag pan." *Versa Corp.*, slip op. at 7. Notwithstanding the district court's erroneous identification of the claimed function, we

agree that the cables are a part of the structure corresponding to the claimed means for performing the function as we have construed it. The written description of the '472 patent states:

The bag pan assembly of this invention is referred to generally by the reference numeral 38 and includes a vertically disposed hydraulic cylinder 40 conveniently mounted on the machine 10 and which has a cylinder rod 42 extending therefrom. Right-hand cable 44 is connected to the end of rod 42, as illustrated in the drawings, as is left-hand cable 46.... The numbers 66 and 68 refer to generally L-shaped bag pan arms.... Bag pan 82 is mounted on and supported by the bag pan arms 66 and 68, as illustrated in the drawings. The lower ends of cables 44 and 46 are connected to the upper ends of bag pan arms 66 and 68 respectively.... When it is desired to lower the bag pan 82 to place a new bag thereon, hydraulic cylinder 40 is extended which causes the cables 44 and 46 to lower the bag pan arms 66 and 68, thereby lowering the bag pan 82 therewith.

'472 patent, col. 3, II. 9–64. Thus, the written description identifies the structure for vertically moving said bag pan means between its said bag loading and bag supporting positions as including hydraulic cylinder 40, cables 44 and 46, and bag pan arms 66 and 68.

We reject Ag–Bag's argument that the cables are not necessary for performing the claimed function of lowering and supporting the bag pan, but rather are only relevant to performing the unclaimed function of conforming the bag pan to uneven ground. While the written description does describe how the cables are used to adjust the bag pan to uneven ground, *see id.*, col. 4, II. 4–18, the above-quoted portion of the written description specifically

states that the bag pan is lowered using the combination of the hydraulic cylinder, cables, and bag pan arms, *see id.*, col. 3, II. 61–64. For this same reason, we also reject Ag–Bag's argument that the cables cannot be part of the structure corresponding to the claimed means because the cables provide the claimed operative connection. The specification clearly states that the cylinder, arms and cables are all involved in lowering the bag pan. *Id.*, col. 3, II. 61–64.

We also are not persuaded by Ag–Bag's argument that claim differentiation requires us to construe the corresponding structure as being limited to a hydraulic cylinder. Ag–Bag argues that claim 10 is identical to claim 1, but for the specifics of the means operatively connected to the bag pan means. In claim 1, this means is described as follows:

> said means operatively connected to said bag pan means including a first flexible cable operatively connected to one side of said bag pan means a second flexible cable operatively connected to the other side of said bag pan means and a power cylinder operatively connected to said first and second cables.

*Id.*, col. 4, II. 53–58 (claim 1). Claim 10, in contrast, merely states that the means operatively connected to the bag pan means "compris[es] a power cylinder means." Because the term "comprises" is open-ended, allowing for the presence of structure in addition to the power cylinder means, when the "means operatively connected to the bag pan means" of claim 10 is construed according to § 112, ¶ 6 to include the cables, Ag–Bag argues that the "means operatively connected to the bag pan means" of claim 1 and claim 10 become identical, making these claims redundant. The doctrine of claim differentiation, however, cannot override the statutory mandate of § 112, ¶ 6 for construing means-

plus-function claim limitations. As we stated in *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1538 (Fed.Cir.1991):

> the judicially developed guide to claim interpretation known as "claim differentiation" cannot override the statute. A means-plus-function limitation is not made open-ended by the presence of another claim specifically claiming the disclosed structure which underlies the means clause or an equivalent of that structure. If Laitram's argument were adopted, it would provide a convenient way of avoiding the express mandate of section 112(6). We hold that one cannot escape that mandate by merely adding a claim or claims specifically reciting such structure or structures.

We therefore will not alter our determination of the structure corresponding to the function of the "means operatively connected to the bag pan means" on the basis of claim differentiation.

In conclusion, we construe the "means operatively connected to said bag pan means" in claim 10 to perform the function of vertically moving said bag pan means between its said loading and bag supporting positions; we construe the disclosed structure corresponding to this claimed function to be a hydraulic cylinder 40, cables 44 and 46, and bag pan arms 66 and 68. We thus reject Versa's contention that the disclosed structure "is simply the 'hydraulic cylinder.'"

### III

■ "Literal infringement of a § 112, ¶ 6 claim requires that the relevant structure in the accused device perform the identical function recited in the claim and be identical or equivalent to the corresponding structure in the specification." *Lockheed Martin*, 324 F.3d at 1320. "Under a modified version of the function-way-result methodology described in *Graver*

*Tank & Manufacturing Co. v. Linde Air Products Co.,* 339 U.S. 605, 608, 70 S.Ct. 854, 94 L.Ed. 1097 (1950), two structures may be 'equivalent' for purposes of 35 U.S.C. section 112, paragraph 6 if they perform the identical function, in substantially the same way, with substantially the same result." *Kemco Sales, Inc. v. Control Papers Co.,* 208 F.3d 1352, 1364 (Fed. Cir.2000). An accused structure that does not literally infringe a means-plus-function claim may nevertheless infringe under the doctrine of equivalents if the accused structure performs substantially the same function, in substantially the same way, to achieve substantially the same result, as the disclosed structure. *Id.*

It is undisputed that the Ag–Bag machine performs the identical function of vertically moving a bag pan means between its said loading and bag supporting positions. It is also undisputed that the Ag–Bag machine uses two hydraulic cylinders, one on each side of a bag pan, and that these cylinders directly connect the bag pan to the bagging machine; the Ag–Bag machine does not use cables to raise and lower the bag pan. For this reason, the district court granted summary judgment of noninfringement. *Versa Corp.,* slip op. at 8. We agree with that determination. Lacking cables, the Ag–Bag machine does not use the identical structure disclosed by the '472 patent for performing the claimed function of vertically moving the bag pan means between its bag loading and bag supporting positions.

Literal infringement may nevertheless result if Ag–Bag's machine uses structure that is equivalent to the structure identified by the written description for performing the claimed function. However, Versa does not argue on appeal how Ag–Bag's hydraulic cylinders are equivalent to the combination of hydraulic cylinder, cables, and bag pan arms described by

the '472 patent. Nor has Versa asked for a remand should we modify the district court's claim construction with respect to function but agree with its claim construction with respect to structure, which is what we have done. Instead, Versa requests only reversal should we agree with both its recitation of the claimed function and corresponding structure ("simply the 'hydraulic cylinder' "). From our review of the record below, it also appears that Versa did not argue before the district court that the Ag–Bag cylinders were equivalent to the combination of a cylinder, cables and bag pan arms. Rather, Versa argued, as it does on appeal, that the corresponding structure was only a hydraulic cylinder and that Ag–Bag used this identical structure. For these reasons, we do not consider whether the Ag–Bag structure is equivalent to the corresponding structure we have identified as part of our claim construction.

## CONCLUSION

We conclude that the district court erroneously construed the function of "the means operatively connected to said bag pan means" limitation of claim 10 of the '472 patent. We construe this limitation as requiring the function of vertically moving said bag pan means between its said loading and bag supporting positions; the disclosed structure corresponding to this claimed function is a hydraulic cylinder 40, cables 44 and 46, and bag pan arms 66 and 68. Because the Ag–Bag machine does not use cables to raise and lower its bag pan, we affirm the district court's summary judgment of no infringement.